UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSHUA BEJARANO,
Plaintiff,

v. CIVIL ACTION NO. 26-11211-MPK

DIGITAL FED CREDIT UNION,
Defendant.

MEMORANDUM AND ORDER
August 28, 2026

KELLEY, U.S.M.J.

For the reasons set out below, the pending motions are denied without prejudice. If Plaintiff wishes to prosecute this action, he must, file a new application to proceed in district court without prepaying fees or costs and an amended complaint that provides a basis for this court's jurisdiction and that states a plausible claim upon which relief may be granted.

I. Background.

Joshua Bejarano, a Colorado resident who is representing himself, has filed a complaint against "Digital Fed Credit Union," which appears to be a reference to the bank Digital Federal Credit Union headquartered in Marlborough, Massachusetts. See #1, complaint, ¶¶ I(A), I(B). Plaintiff invokes this court's federal question and diversity jurisdiction. *Id.* at ¶ II. As to federal question jurisdiction, he indicates that this matter involves the "right to contract," under "Article 1, Section 10." *Id.* at ¶ II(A). As to diversity jurisdiction, he indicates that the amount in controversy is "$1,000,000.00 [which is alleged to be the] amount owed for violation of trust security agreement." *Id.* at ¶ II(B)(3). For the statement of claim, Plaintiff states that he "sent the

notice of unpaid lien to the company. *Id.* at ¶ III. He further states that "they completely ignored the notice and continued to report account on credit which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off." *Id.* For relief, Plaintiff seeks "$1,000,000.00 amount owed for the trust security agreement violation[,] fair credit act violation: $1,000 per violation[; and] account paid off on credit and report account as 'in good standing.'" *Id.* at ¶ IV. The complaint is not dated and Plaintiff's name is typewritten on the line that requests a signature. *Id.* at ¶ V(B).

Because Plaintiff did not pay the filing fee, this court issued a procedural order regarding resolution of the filing fee. *See* #4, procedural order. Plaintiff filed a timely response and filed an application to proceed in district court without prepaying fees or costs (also referred to as an application or motion for leave to proceed *in forma pauperis*). #6, application. He subsequently filed two additional motions, *see* ##7, 11, and a motion for default judgment. #9.

Plaintiff has filed several similar actions in other federal courts, alleging that different companies have ignored his notices for payment of a $1 million lien. *See, e.g.*, *Bejarano v. Bluevine*, No. 2:26-CV-02736, 2026 WL 1961088 (D.N.J. 2026); *Bejarano v. Aragon Agency Inc.*, No. 26-CV-00666, 2026 WL 1683622 (D. Nev. 2026); *Bejarano v. Barclay*, No. 26-CV-3886 (GBD), 2026 WL 1866725 (S.D.N.Y. 2026).

II. Motion for Leave to Proceed *In Forma Pauperis* (#2) .

Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1). This "affidavit" requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true. *See* 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); *see also Rowland*

*v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Here, Plaintiff's first application is not signed nor dated. *See* #6. Plaintiff's second and third applications, *see* ## 7, 11, each contain Plaintiff's typewritten signature, rather than a cursive signature of Plaintiff. *Id.*

Because Plaintiff has not actually signed any of applications under the penalties of perjury, the applications are denied without prejudice. Plaintiff will be granted additional time to either (1) pay the $405.00 filing and administrative fees; or (2) file an Application to Proceed in District Court Without Prepaying Fees or Costs with Plaintiff's signature.

III. <u>Screening of the Complaint</u>.

Because the court is not granting Plaintiff's leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B), which allows a court to conduct a preliminary review of the complaint of an indigent litigant, is inapplicable. However, a district court possesses certain " 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss any complaint which "upon the face of the pleading present[s] no cause of action recognized by the law." *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985) (quoting *O'Connell v. Mason*, 132 F. 245, 247 (1st Cir. 1904)).

Under Rule 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him. *Ashcroft v. Iqbal*,

556 U.S. 662, 677 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted). Mere legal conclusions or naked assertions are insufficient to state a claim, and need not be credited by the Court. *See Iqbal*, 556 U.S. at 677; *see also Twombly*, 550 U.S. 544, 557 (2007)); *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir. 2009). The complaint must include "enough detail to provide a defendant with 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff is representing himself and therefore, the court construes his complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the court accepts the well-pled allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Estelle v Gamble*, 429 U.S. 97 (1976); *Kersey v. Trump*, No. 1:24-cv-11943-JEK, 2025 WL 654110, at *1 (D. Mass. Feb. 12, 2025) (citations omitted).

IV. Discussion.

Even with a liberal construction, Plaintiff's complaint is subject to dismissal. As an initial matter, Plaintiff has not signed the complaint. Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings,

motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A pro se party is required to comply with these local rules.”).

As to the merits of any claim, the sparse factual allegations in the complaint are difficult to follow. In addition, the complaint does not state sufficient factual allegations about the underlying dispute and the Defendant’s role in the matter to state a claim.

If Plaintiff wishes to proceed with this action, he shall file an “amended complaint” that provides a basis for this court’s jurisdiction and that states a plausible claim upon which relief may be granted.

V. Conclusion.

Accordingly, the court hereby orders:

1. The applications to proceed in district court without prepaying fees or costs (##6, 7, 11), are DENIED WITHOUT PREJUDICE.

2. The motion for default judgment (#9) is DENIED WITHOUT PREJUDICE as premature.

3. If Plaintiff wishes to prosecute this action, he must, within twenty-eight (28) days of the date of this memorandum and order, file a new application to proceed in district court without prepaying fees or costs and an amended complaint that provides a basis for this court’s jurisdiction and that states a plausible claim upon which relief may be granted. Failure to comply with these directives may result in dismissal of this action by a District Judge.

SO ORDERED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge